UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC FRANCO,<br><br>       Petitioner. | Criminal Action No.: 11-10228 |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                              **March 1, 2018**

### I.  Introduction

Petitioner Eric Franco ("Franco") has moved to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that the sentence imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") is no longer permissible because, among other things, two of his ACCA predicates for assault and battery with a dangerous weapon ("ABDW") under Massachusetts law no longer qualify as violent felonies after Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), D. 164.  Agreeing with Franco's argument on this point, for the reasons stated below, the COURT ALLOWS Franco's petition, vacates his sentence and shall schedule the matter for resentencing.

### II.  Standard of Review

"Under 28 U.S.C. § 2255, a petitioner may collaterally attack a conviction after it has become final."  Stampley v. United States, No. 11-cr-10302-IT, 2016 WL 4727136, at *1 (D. Mass. Sept. 9, 2016).  The Court will vacate and correct a petitioner's sentence if such

1

"sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). The petitioner bears the burden of demonstrating that there is cause for relief under § 2255. Id.

## III. Relevant Background

After a jury trial, Franco was found guilty on one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). D. 103. At the March 12, 2013 sentencing, the Court determined that the ACCA applied, relying upon his two convictions for assault and battery by dangerous weapon ("ABDW") and one for indecent assault and battery on a person 14 or over. PSR ¶¶ 42, 47, 48; D. 135 at 25-26. With a guidelines sentencing range of 262 months to 327 months, id. at 4, the Court sentenced Franco to 262 months. Id. at 28. Franco appealed his sentence to the First Circuit, but did not raise the argument that the residual clause in 18 U.S.C. § 924(g) was void for vagueness. See D. 122.

## IV. Discussion

### A. The ACCA Post-*Johnson II*

The ACCA provides that any person convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) and who was previously convicted of at least three prior "violent felony" or "serious drug" offenses, shall be imprisoned for a minimum of fifteen years. 18 U.S.C. § 924(e)(1). A violent felony is defined as a crime punishable by more than one year in prison that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (the "force clause") or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual

clause"). Since the Supreme Court held that the residual clause was unconstitutionally vague in Johnson II, 135 S. Ct. at 2557-60, a predicate is a violent felony under the ACCA only if it satisfies the force clause. Accordingly, the central issue to resolving Franco's petition is whether two of the predicates upon which the Court relied to sentence him, the ABDW convictions, still qualify as ACCA predicates.

Since the parties' principal filings in this case, the First Circuit has decided two cases that resolve this issue adverse to the government's position. First, in United States v. Tavares, 843 F.3d 1, 12 (1st Cir. 2016), the court ruled that Massachusetts ABDW is divisible since it prohibits both the intentional version of the offense and a reckless version of the offense. Second, after Tavares, the First Circuit decided that "Massachusetts reckless ABDW is not a violent felony under the force clause." United States v. Windley, 864 F.3d 36, 39 (1st Cir. 2017). Where an ACCA predicate is divisible and one of the forms of the offense would not qualify as a violent felony, the Court must proceed to determine the form of the offense of which the defendant was convicted, relying upon Shepard documents. United States v. Faust, 853 F.3d 39, 52-53 (1st Cir. 2017) (citing Shepard v. United States, 544 U.S. 13 (2005)).

While the underlying burden for establishing a basis for habeas relief lies with the petitioner, see Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015), the government has the separate burden to offer Shepard documents in opposition to a § 2255 motion pursuant to Johnson II. See, e.g., Aponte v. United States, No. 11-cr-30018-MAP, D. 65 at 4 (D. Mass. Sept. 22, 2016) ("Contrary to the government's assertion, he is not required to bear the burden of demonstrating that his state court conviction fell outside the category of violent offenses that qualified as predicates to support his Career Offender classification. The government must carry this burden"); Turner v. United States, 03-cr-10166-PBS, D. 218 at 6:25-7:1 (D. Mass. April 27, 2016) ("I don't

have Shepard documents, and I don't view it as the defendant's burden"); McFarlane v. United States, 05-cr-10130-RWZ, D. 73 at 5:8-17 (D. Mass. Jan. 12, 2016) (confirming government has no Shepard documents, and on this basis finding "there was a fundamental miscarriage of justice" and "allow[ing] the motion").  The government's previous filings in this case do not indicate the availability of Shepard documents in regard to the two Massachusetts ABDW predicates and the government has made no response to Franco's recent motion, D. 184, indicating otherwise.[1]

---

[1] Since the ACCA requires three violent felonies and the Court concludes that the two ABDW convictions no longer qualify as violent felonies, the Court need not address whether Franco's other convictions, namely for MA indecent assault and battery (the third conviction upon which the Court relied at sentencing) or for Arkansas second degree battery (a conviction upon which the Court did not rely at sentencing) are violent felonies since, even considered together, they would fall short of the three requisite predicates for ACCA.

**B.      Franco Has Not Procedurally Defaulted on his *Johnson II* claim**

As initial matter, the government argues that Franco was required to preserve his claim at sentencing and on direct appeal. See D. 175 at 6. Franco notes that despite his desire to raise the unconstitutional vagueness argument with respect to the ACCA on his direct appeal to the First Circuit, his appellate lawyer did not raise this argument. D. 178 at 18. In a case "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).

Here, the Court concludes that Franco has shown both cause and prejudice and, therefore, is not barred from raising the Johnson II issue in his habeas petition. The 'cause' prong may be satisfied by "some objective factor external to the defense [that] impeded counsel's efforts" such as "a showing that the factual or legal basis for a claim was not reasonably available to counsel. . . ." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Franco argues that cause is established because the legal argument that would ultimately be adopted in Johnson II was 'novel' and overruled prior precedents, making it an objective factor external to the defense. See D. 178 at 17. The government argues that Franco cannot show cause because the legal issue, unconstitutional vagueness of the ACCA residual clause, was a commonly litigated issue, frequently commented on by the courts. See D. 175 at 7-8 (listing cases).

In Reed v. Ross, the Supreme Court determined that if "there was no reasonable basis in existing law" for the relevant legal claim, 468 U.S. 1, 15 (1984), the "novelty of a constitutional question" can satisfy the cause prong. Id. at 15-16. A defendant has cause for procedural default

where the Supreme Court "explicitly" overruled a precedent. Id. at 17. The Court believes Franco has satisfied the cause prong as to his Johnson II claim and finds the analysis on this same issues by other judges persuasive. See, e.g., Cruz v. United States, No. 09-10104-RWZ, 2017 WL 2991800, at *2 (D. Mass. January 26, 2017); United States v. Webb, No. 01-cr-10267, 2016 WL 6647929, at *4 (Nov. 9, 2016). Accordingly, Franco has established cause for his procedural default.

As to 'actual prejudice,' a defendant must show "there is a reasonable probability that the outcome" of the sentencing would have been different but for the alleged error. Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015) (internal quotation marks omitted); see also Strickler v. Greene, 527 U.S. 263, 289 (1999). Franco argues that he has satisfied the actual prejudice showing because he received a sentence above the statutory maximum now that he cannot be found to have been an ACC post-Johnson II. See D. 178 at 17-18. This has been the approach to the question of prejudice in this district. See, e.g. McFarlane v. United States, 05-cr-10130-RWZ, D. 73 at 5:1-5 (D. Mass. Jan. 12, 2016) and the Court agrees that he has shown actual prejudice. Accordingly, Franco was not procedurally barred from raising the Johnson II issue that the Court, for the reasons discussed above, now finds his favor.

**C.     Franco Prevails on the *Johnson II* Claim and Shall Be Resentenced**

For the reasons stated above, two of the predicates upon which the Court previously relied to impose Franco's sentence are no longer viable ACCA predicates. Accordingly, the Court grants the petition and shall schedule for resentencing to determine the appropriate non-ACCA sentence.

## V. Conclusion

For the foregoing reasons, the Court ALLOWS Franco's § 2255 petition, D. 164, DENIES the government's motion to dismiss the petition, D. 175, vacates his sentence and shall schedule resentencing.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge